[162] STILLE v. WOOD.

1. It is irregular to take out execution pending a motion to show cause why execution should not issue.

2. After a motion has been made to the court, the party is not permitted to abandon it by not having it entered, without notice to the other party.

3. The four days allowed to file bail on a writ of error, are to be computed from the signing of judgment.

4. The statutes of *Charles* and *James,* respecting writs of error, extend to New Jersey.

In this case judgment was entered on the *postea* against Wood, in April, 1792. A writ of error was immediately presented and allowed. The bail was excepted to, and a motion made in the same term that Wood should show cause why execution should not issue against him. [This motion was made by Mr. *Leake,* but never entered.] Judgment on the roll was not signed until January 21st, 1793, and on the 23d of the same month Stille took out execution.

This was a rule obtained by *Stockton,* to show cause why the execution should not be set aside.

· Kinsey, C. J.   One question made on the motion was, whether the statutes of *Charles* and *James*, respecting writs of error, extend here.   I have made inquiries upon the subject, and the result of them, as well as my own experience for thirty-five years, induce me to believe there is no doubt of their extension.   They have been practiced under since the act of assembly of 1747, which has been considered as merely cumulative.   It was said in the argument, that the period from which to determine the extension of English statutes was the surrender of the government.   From this opinion I entirely dissent; and the late Chief Justice, to my certain knowledge, entertained no such idea.

With regard to the regularity of this execution, it has been contended by the counsel for the rule, that to issue an execution, pending a motion for leave to issue it, is irregular, and a trick upon the defendant; that the plaintiff having, the very term the writ of error was presented, moved for leave to take out execution on some supposed defect in the entering of bail, was not at liberty to abandon that motion, and issue his execution as of course.   As to his saying there is no such rule entered, it is immaterial; the motion was made, and should have been entered.   The defendant and his counsel could not know that the motion was suppressed or withdrawn, without a regular notice of the fact.

[163] We are of opinion, that the rule having been moved, it must be considered as existing *quo ad* Wood ; and the opposite party shall not be permitted to avail himself of the nonentry of it.   Such a practice would lead to deception.   *Topping* v. *Ray*, 1 *T. R.* 227 ; *Bowles* v. *Edwards*, 4 *T. R.* 118 ; and *Howard* v. *Richman and Rhea*, decided in this court in May, 1792, *ante*, are to this point.   It was irregular, therefore, to sue out execution pending this motion.

There is, however, another point left untouched by the counsel, that is decisive upon this case.   It has been argued as if the four days given to file bail were to be computed from the allowance of the writ of error.   Regularly, a writ of error should not be presented until judgment is signed;

Stille v. Wood.

but a practice has prevailed of doing it immediately upon the award of judgment, and entry of it on the minutes, in order to prevent execution from issuing on signing the judgment and filing the roll, which may not be known to the attorneys residing at a distance. I take it, however, to be clear, that the four days are to be computed from the time of the judgment signed, and as in this case the judgment was signed on the 21st and execution issued on the 23d of the same month it was irregular, and for that reason also must be set aside.